Baker v. Bonesteel.

CORNELIUS AND HENRY M. BAKER *v*. ROBERT G. BONESTEEL.

Spurious or counterfeit bank bills, given in discharge of a debt, will not operate as a payment, though both parties at the time suppose them to be genuine.

Testimony showing a good cause of action cannot be disregarded, when it is uncontradicted and is unaccompanied by any suspicious circumstances.

APPEAL from a judgment given by the First District Court in favor of the defendant. The action was brought to recover for coal sold and delivered to the defendant. It appeared at the trial that the defendant had given, in payment for the coal, a bank bill, which, on being sent to the bank for deposit, was discovered to be a counterfeit. It was thereupon tendered to the defendant, and he refused to receive it. The plaintiffs' testimony established conclusively that the bill was spurious, and that it had been received from the defendant in payment for the coal. The defendant was examined on his own behalf, and testified in substance that he had no recollection of paying for the coal in the bill in question, and which was produced at the trial. The evidence on the part of the plaintiffs was thus left uncontradicted, and there were no circumstances appearing in the case tending to discredit it in the slightest degree. The justice gave judgment for the defendant, and the plaintiffs appealed.

*Choate & Barnes*, for the appellants.

*David E. Wheeler*, for the respondent.

I. The court should not set aside a judgment given by an inferior tribunal, upon the *only* ground that the judgment is contrary to and against evidence, unless, 1. It appears, from the return of the justice, that in some form he was wrongfully influenced, or unless the case is void of all conflicting evidence, or unless it appears that great injustice would be done: for slight or small pecuniary amounts should not be allowed to occupy the time of courts when the subject matter has been adjudicated, and the only question is that of weighing of testimony. *Easton* v. *Smith,* 1 E. D. Smith, 318; *Mellon* v. *Smith,* 2 E. D. Smith, 462, 472; Graham's Practice, 632; *Douglass* v. *Tousey,* 2 Wend. 252; *Smith* v. *Hicks,* 5 Wend. 550.

II. In this case there is a conflict of testimony, and the justice who heard the oral evidence, has determined the truth from the best possible point. He has seen and heard the witnesses face to face, and the granting a new trial would be merely opinion against opinion. *Needles* v. *Howard,* 4 Maule & Selwin, 192; *Decker* v. *Jaques,* 1 E. D. Smith, 54, 62; *Easton* v. *Smith,* ibid, 80, 83; *Rivara* v. *Ghio,* ibid, 318; *Pozzino* v. *Henderson,* 3 E. D. Smith, 364; *Mellon* v. *Smith,* 2 E. D. Smith, 146; ibid, 462, 472.

III. The testimony of the plaintiff below must be clearly and beyond a doubt over-balancing that of the defendant, and this the return does not show. 2 Strange, 1142; 3 Wilson, 647; 2 Johns. Rep. 70.

IV. This judgment may have been rendered on the credibility of witnesses, and to set it aside, it must be manifestly and palpably against the weight of evidence, and the case must be free from doubt. 12 Wend. 27; 7 Cowen, 202; Graham's Practice, 632; Graham's New Trials, 361; 2 Wendell, ——; *Watkins* v. *Cousall,* 1 E. D. Smith, 65; *McLaughlin* v. *Burnard,* 2 E. D. Smith, 372.

V. The return shows that the plaintiffs entirely failed in their testimony, and should have been non-suited.

By the Court, HILTON, J.—The witness Brant testified that he gave the identical bills received by him from the defendant to

Marin, the clerk of the plaintiffs; and Marin testified that the bill in question was one of those he so received from Brant. This testimony was uncontradicted, and there was no circumstances shown which warranted the justice in disregarding it. *Donohue* v. *Henry*, 4 E. D. Smith, 162. The evidence of Bliss, left no doubt as to the bill being spurious and of no value. It should not, therefore, operate as a payment for the coal shown to have been sold and delivered to the defendant. *Markle* v. *Hatfield*, 2 John. 455; *Thomas* v. *Todd*, 6 Hill, 340.

The finding of the justice was clearly against the evidence. Judgment reversed.